IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KARLY RANJANA HORNSBY ) | Case No. 12-42605-drd7 |
| ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| KARLY RANJANA HORNSBY ) | |
| ) | |
| Plaintiff, ) | Adversary Case No. |
| ) | |
| vs. ) | |
| ) | |
| U.S. DEPARTMENT OF EDUCATION ) | |
| ) | |
| MOHELA ) | |
| ) | |
| METROPOLITAN COMMUNITY COLLEGE ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY**
**OF STUDENT LOANS UNDER §523 (a)(8)**

COMES NOW Plaintiff Karly Ranjana Hornsby, by and through her attorney, Erlene W. Krigel, and for her Complaint against Defendants U.S. Department of Education, MOHELA, and Metropolitan Community College states and alleges as follows:

1. This is a core proceeding over which this court has jurisdiction under 28 U.S.C. § 157 (b)(2)(I) and relates to *In Re Karly Ranjana Hornsby*, Chapter 7 bankruptcy Case Number 12-42605-drd7, pending in the United States Bankruptcy Court for the Western District of Missouri.

2. Defendant U.S. Department of Education can be served at U.S. Attorney, 400 E. 9th Street, 5th Floor, Kansas City, Missouri 64106; U.S. Department of Education, 400 Maryland Avenue SW, Washington, DC 20202; and Direct Loan Service Center, Borrower Services Department, PO Box 530260, Atlanta, GA 30353-0260.

3. Defendant MOHELA (which is the acronym for Higher Education

Authority of the State of Missouri) can be served at MOHELA, 633 Spirit Drive, Chesterfield MO 63005-1243.

4. Defendant Metropolitan Community College can be served at Metropolitan Community College, Financial Aid Dept, 3200 Broadway Kansas City MO 64111-2408.

5. Plaintiff filed her Petition under Chapter 7 of the Bankruptcy Code on June 26, 2012, and listed among her debts obligations of the Plaintiff for educational loans made, insured, or guaranteed by Defendants as reflected in the Plaintiff's Schedule F.

6. Defendants are creditors to whom the above referenced debts are owed.

7. Plaintiff is indebted to Defendants for educational loans extended by Defendants to Plaintiff.

8. This is an adversary proceeding brought under 11 U.S.C. Section 523 (a)(8) for a determination of dischargeability of these debts.

9. Plaintiff will be unable to maintain a "minimal" standard of living if forced to repay the loans, now or in the foreseeable future.

10. Excepting the debts owed to Defendants from discharge under 11 U.S.C. § 523 (a)(8) of the Bankruptcy Code will impose an undue hardship on the Plaintiff and her dependents.

11. Plaintiff has made good-faith efforts to repay the debts to Defendants.

12. Plaintiff attended Penn Valley Community College but was unable to complete her studies and did not earn an associate degree.

13. Plaintiff has held low paying jobs since 2010. In 2010, Plaintiff earned $9,326 from day care services. In 2011, Plaintiff earned $4,627.00 for day care services and $8,412 as a paraprofessional at the Rainbow Center where she assists children with developmental disabilities. Plaintiff's 2011 earnings were her highest annual earnings in the past three years and her earnings have since declined. In 2011, Plaintiff's income was $13,039, which was 88.6% of the 2011 poverty guidelines of $14,710 for a household size of two persons.

14. Plaintiff's only current source of monthly income, aside from $300 in government provided food stamps, is from the Rainbow Center, where she earns a mere $1,095.00 a month on average.

15. Plaintiff's reasonable and necessary monthly living expenses, which she cannot afford to reduce, total $1,710.75.

16. Plaintiff is a mother of two.

17. Plaintiff pays $75 a month for court ordered child support for her six-year-old son.

18. Plaintiff's two-year-old daughter, who remains in Plaintiff's custody, suffers from Gastroesophageal reflux-like symptoms, vomiting on a weekly basis. Doctors have yet to determine an underlying cause for her condition.

19. Plaintiff's daughter is currently on Medicaid, and must take numerous prescription medications daily.

20. Plaintiff has been diagnosed with depression, must take anti-depressants, and undergoes psychological counseling to help treat her disabling illness.

21. Circumstances exist which substantiate that the Plaintiff's budget is likely to remain at its current level for the foreseeable future and during any repayment period. Thus, it is unlikely that Plaintiff will be able to repay these student loans within the foreseeable future.

22. The undersigned was retained to represent Plaintiff in her underlying bankruptcy case and in this proceeding through Legal Aid of Western Missouri, Volunteer Attorney Project. Plaintiff qualified for said services based upon her income. The undersigned has and will provide all services at no charge.

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendants in favor of Plaintiff declaring that these student loan debts would impose an undue hardship upon Plaintiff and her dependents, and should therefore be discharged, and for such other and further relief as this Court deems just and proper.

KRIGEL & KRIGEL, P.C.

 /s/ Erlene W. Krigel
Erlene W. Krigel MO Bar #29416
4550 Belleview
Kansas City, MO 64111
Telephone: (816) 756-5800
Facsimile: (816) 756-1999
ekrigel@krigelandkrigel.com
ATTORNEYS FOR PLAINTIFF